NOT FOR PUBLICATION                                         **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OMAR S. HARRIS, : | |
| Plaintiff, : | Civil Action No. 13-1255 (FSH) |
| v. : | |
| JUDGE DONOHUE et al., : | **ORDER** |
| Defendants. : | |

1. Plaintiff Omar S. Harris ("Plaintiff"), a pre-trial detainee presently confined at the Union County Jail, submitted for filing his civil complaint accompanied by his application to prosecute the same in forma pauperis, pursuant to 28 U.S.C. § 1915. See Docket Entries Nos. 1 and 1-4. Plaintiff's complaint named, as Defendants in this matter, the judge who presided over Plaintiff's arraignment, the judge who is presiding over Plaintiff's criminal prosecution, Petitioner's prosecutor and a supervising prosecutor. See Docket Entry No. 1. Plaintiff maintains that the state judges and prosecutors violated his rights by advancing Plaintiff's criminal proceedings; he seeks this Court's order directing a vacatur of Plaintiff's indictment, ordering Plaintiff's release from custody, commencing criminal prosecution of the state judges and prosecutors, etc. See id.

2. It appears that Plaintiff, while incarcerated in connection with his previous criminal offenses, commenced a number of actions in federal fora, including this District. The

Court's review of the District dockets detected the following actions commenced by Omar S. Harris:

    a.    Harris v. Barbo, Civil Action No. 00-3349 (KSH);

    b.    Harris v. Faunce, Civil Action No. 00-3502 (JBS);

    c.    Harris v. Northern State Prison, Civil Action No. 00-5162 (JWB);

    d.    Harris v. Nunn, Civil Action No. 01-4836 (JBS);

    e.    Harris v. Gallagher, Civil Action No. 01-5008 (JBS);

    f.    Harris v. New Jersey, Civil Action No. 02-1979 (JAP);

    g.    Harris v. Northern State Prison, Civil Action No. 02-1983 (FSH);

    h.    Harris v. Westfield Department, Civil Action No. 02-4133 (FSH);

    i.    Harris v. Brown, Civil Action No. 03-3574 (FLW).

3. Paramount here, civil matters 00-3349, 00-5162, 01-4836 and 02-1979 were dismissed either for failure to state a claim upon which relief can be granted or as facially frivolous.

4. The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis, pursuant to 28 U.S.C. § 1915, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals entered even prior to enactment of PLRA count as "strikes" under § 1915(g)).

      A prisoner who has three or more such dismissals may be excused from this rule only if his pleadings aver to the facts showing that he is "under imminent danger of serious physical injury." Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

5.    Here, Plaintiff has reached and exceeded the statutory "strike" limit, as set forth in 28 U.S.C. § 1915(g). Thus, he is precluded from seeking in forma pauperis status due to the operation of the "three strikes" rule unless his pleading avers to the facts showing that he is currently "under imminent danger of serious physical injury." In his instant complaint, Plaintiff makes no such allegations: he is challenging his current prosecution. See Docket Entry No. 1. Therefore, Plaintiff may not proceed in forma pauperis in this matter.

IT IS, therefore, on this 7th day of March, 2013,

ORDERED that Plaintiff's application to proceed in this matter in forma pauperis is denied with prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE TERMINATED"; and it is further

ORDERED that Plaintiff may have this case reopened if Plaintiff prepays his $350.00 filing fee within thirty days from the date of entry of this Memorandum Opinion and Order; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon

Plaintiff by regular U.S. mail.[1]

                                                  s/ Faith S. Hochberg
                                                 **Faith S. Hochberg**
                                                 **United States District Judge**

---

[1] In the event Plaintiff is not the "Omar S. Harris" who commenced the above-listed prior actions, Plaintiff shall submit an affidavit averring, under penalty of perjury, that Plaintiff is a different individual. Plaintiff shall include in his affidavit the list of all prior actions Plaintiff commenced in federal fora (including this District, other federal districts and all federal courts of appeals). In the event Plaintiff submits such affidavit, the Court will direct the Office of the Attorney General for the State of New Jersey to verify Plaintiff's assertions and, if these assertions prove true, the Court will revisit Plaintiff's application to proceed in this matter in forma pauperis.